663 F.Supp. 995 (1987)
Betty TANNENBAUM, Plaintiff,
v.
CITY OF RICHMOND HEIGHTS, et al., Defendants.
No. 86-1489C(6).
United States District Court, E.D. Missouri, E.D.
July 1, 1987.
*996 Margaret Gangle, Clayton, Mo., for plaintiff.
Robert A. Hutton, Jr. and Steven W. Garrett, Curtis, Bamburg, Oetting, Brackman & Crossen, St. Louis, Mo., for defendants.

MEMORANDUM
GUNN, District Judge.
This action arises out of the passage of a municipal ordinance limiting the time a citizen may speak at public city council meetings and the arrest and prosecution of plaintiff for her conduct during a city council meeting.
On March 18, 1985 the City Council of the City of Richmond Heights enacted an ordinance entitled "Disturbing Lawful Assembly" which provides in part as follows:
At each regular Council meeting, each citizen is allowed two (2) minutes time in which to comment on matters pertinent to the governing of the City upon submission of a prior request and recognition by the Chairman.
Plaintiff, a citizen of Richmond Heights, alleges that after passage of this ordinance she was not afforded the opportunity to speak at council meetings even though she submitted prior written requests. She further alleges that when she protested, she was arrested and prosecuted, but that others who engaged in similar conduct were not similarly treated. Plaintiff, a known citizen activist, also alleges that the ordinance was passed with the specific purpose of preventing her from expressing her views at city council meetings.
In her original complaint plaintiff asserted that the ordinance amounted to an unconstitutional interference with her right to free speech and sought monetary damages under 42 U.S.C. §§ 1983 and 1985 against the City, the mayor, four councilmen, the prosecuting attorney, three police officers and the police department for violation of plaintiff's rights to freedom of speech, equal protection and due process. Plaintiff also asserted a claim of false imprisonment.
By order and memorandum issued December 8, 1986, this Court dismissed plaintiff's claims against the prosecuting attorney and the Richmond Heights police department. In addition, the Court found that plaintiff had failed to state a claim against any defendant under 42 U.S.C. § 1985. The Court further ruled that the challenged portion of the ordinance, a content-neutral restriction, does not violate the first amendment and that the four councilmen could validly claim legislative immunity for their part in the passage of the ordinance.
Plaintiff's allegations that the Disturbing Lawful Assembly Ordinance was specifically designed and passed to prevent her from speaking during council meetings and that she has been prevented from speaking at such meetings remain. Plaintiff also continues to assert that her arrest was unlawful because the ordinance was enforced against her in a discriminatory manner.
The Court now concludes that there is no genuine issue of material fact as to either of these claims and that defendants are entitled to summary judgment as a matter of law.
Under Rule 56 of the Federal Rules of Civil Procedure a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that he is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In passing on a motion for summary judgment, a court is required to view the facts and inferences that may be derived therefrom in the light most favorable to the nonmoving party. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). The burden of proof is on the moving party, and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. Buller, 706 F.2d at 846. However, under Rule 56(e), a party opposing a motion for summary judgment may not rest upon the allegations of his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). See also 10A *997 C. Wright & A. Miller, Federal Practice & Procedure, § 2739 (1983).
The Court first addresses plaintiff's contentions that the ordinance was designed and has been employed to prevent her from speaking at city council meetings. Despite plaintiff's contentions, the minutes of the Richmond Heights City Council meetings for March 18, 1985 and April 1, 1985 show that she did, in fact, speak at each of those city council meetings. See Defendants' Exhibits E & F.
At each meeting no attempt was made to silence Mrs. Tannenbaum altogether; instead she was asked to reserve her remarks until the "Citizen Comment" portion of the meeting. See Defendants' Exhibit E. Other citizens who spoke during the meeting also were asked to wait until that portion of the meeting to make their remarks. Admittedly, Mrs. Tannenbaum was unable to speak during the Citizen Comment portion of the March 18 meeting because the meeting was adjourned when another citizen speaker became abusive and disruptive. See id. at p. 15. However, there is no indication in the materials submitted to this Court that the adjournment of the March 18 meeting was in any way related to Mrs. Tannenbaum's request to speak at that meeting.
The plaintiff also interrupted the April 1, 1985 meeting on several occasions. She was warned that she was out of order and must desist. See Defendants' Exhibit F. She refused and continued to interrupt the meeting in contravention of the above-mentioned ordinance. See id. at p. 3. Ultimately, the mayor requested the sergeantat-arms to escort the plaintiff to the hallway outside the meeting room and to explain to her that she must remain quiet until the Citizen Comment portion of the meeting. Plaintiff resisted when the sergeant-at-arms asked her to leave the room, clung to her chair and had to be carried from the room. See id.
The minutes of the April 1, 1985 meeting as well as the affidavits and depositions pertaining to this incident fail to show that plaintiff was kept from speaking, removed from the meeting or arrested because of the content of her message. Instead it appears that she refused to comply with a valid, content-neutral restriction on her speech. She was warned that she must comply, but she persisted in interrupting the meeting. Ultimately, she was removed from the meeting and arrested for failing to obey a valid ordinance. These facts do not as a matter of law make out a constitutional claim cognizable under § 1983 for violation of plaintiff's First Amendment rights. See Minnesota State Board for Community Colleges v. Knight, 465 U.S. 271, 290, 104 S.Ct. 1058, 1069, 79 L.Ed.2d 299 (1984). See also City of Madison Joint School Dist. No. 8 v. Wisconsin Employment Relations Comm'n, 429 U.S. 167, 97 S.Ct. 421, 50 L.Ed.2d 376 (1976) (Stewart, J., concurring).
Plaintiff also contends that her constitutional rights to equal protection were violated because the ordinance was enforced against her, but not against other citizens who disrupted the City Council meetings. In order to prevail on such a claim, plaintiff must first show that she "has been singled out and compelled to comply with the law while others similarly situated have not been so compelled." Gold Cross Ambulance v. City of Kansas City, 538 F.Supp. 956, 973 (D.C.Mo.1982), aff'd, 705 F.2d 1005 (8th Cir.1982). Plaintiff states in her affidavit that other citizens disrupted the meetings, but that the ordinance was not enforced against them. See Affidavit of Betty Tannenbaum ¶ 3.
From a reading of the minutes of the meetings in the light most favorable to plaintiff, it is possible to conclude that she received a different treatment from others with respect to the ordinance, because she was arrested and others were not. However, to make out a case for discriminatory enforcement, the plaintiff must also show that such governmental action was motivated by an impermissible purpose such as race, religion or obstruction of the exercise of her First Amendment rights. Gold Cross Ambulance, 538 F.Supp. at 973. The plaintiff has failed to show that she was singled out on such a basis. The record contains no indication, other than *998 plaintiff's bare allegations, that the content of her remarks in any way motivated the enforcement of the ordinance against her. The minutes of the Richmond Heights City Council meetings indicate that the timing of plaintiff's speech rather than the content of her speech caused her arrest. In addition, "[a] person's right to speak is not infringed when government simply ignores that person while listening to others." Minnesota State Board for Community Colleges, 465 U.S. at 290, 104 S.Ct. at 1069. Thus, plaintiff has failed to make out a prima facie case of discriminatory enforcement and is not entitled to a hearing on the matter. United States v. Larson, 612 F.2d 1301, 1304 (8th Cir.1980).
Plaintiff has also asserted a due process violation charging that defendants failed to follow their own procedures in the passage of the Disturbing Lawful Assembly ordinance. She claims that the public was not given notice of the proposed ordinance or an opportunity to comment on it prior to its passage. According to uncontroverted statements in the exhibits before the court, the ordinance was posted for one week prior to its passage to permit public perusal of it. Therefore, plaintiff's claim concerning lack of notice must fail.
The ordinance itself does provide that the limitation on citizen participation it institutes will be deviated from when new ordinances are passed. See Defendants' Exhibit E at p. 1. However, aside from plaintiff's conclusal allegation that "[u]nder the Council's own rules, citizens should have been allowed to comment on the ordinance prior to its passage," there is no indication in the materials before the court that any such rule existed prior to the passage of the Disturbing Lawful Assembly ordinance. Thus, plaintiff's procedural claim fails to raise a genuine issue of material fact.
Accordingly, judgment on plaintiff's complaint is entered in favor of defendants.

ORDER
Pursuant to the memorandum filed herein on this date,
IT IS HEREBY ORDERED that defendants' motion for summary judgment on plaintiff's claim against defendants is granted.
Defendants have established that any limitation on plaintiff's expression of her views was content-neutral. Plaintiff, in her response to defendants' motion for summary judgment, has failed to show that her speech was in any way limited for other than content-neutral reasons.
Accordingly, judgment on plaintiff's complaint is entered in favor of defendants.