816 F.Supp. 1372 (1993)
Michael E. BENDER, Plaintiff,
v.
CITY OF ST. ANN, et al., Defendants.
No. 91-1889C(5).
United States District Court, E.D. Missouri, E.D.
March 26, 1993.
*1373 *1374 Jeanene Moenckmeier, President, San Diego, CA, for Michael E. Bender and Betty L. Bender.
Robert J. Krehbiel, Evans and Dixon, Christine M. Ramatowski, Husch and Eppenberger, St. Louis, MO (Shulamith Simon, Rosenblum and Goldenhersh, of counsel), for defendants.

MEMORANDUM
LIMBAUGH, District Judge.
Plaintiff has filed this § 1983 action contending that the defendants have violated his right to equal protection, procedural due process and free speech. He alleges that the defendants have enacted and are enforcing a municipal ordinance which restricts the number of commercial signs his business establishment may display on outside walls. This matter is before the Court on the defendants' motion for summary judgment, filed June 30, 1992. Responsive pleadings have been filed.
Courts have repeatedly recognized that summary judgment is a harsh remedy that should be granted only when the moving party has established his right to judgment with such clarity as not to give rise to controversy. New England Mut. Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir.1977). Summary judgment motions, however, "can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." Mt. Pleasant v. Associated Elec. Coop. Inc., 838 F.2d 268, 273 (8th Cir.1988).
Pursuant to Fed.R.Civ.P. 56(c), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law." Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 467, 82 S.Ct. 486, 488, 7 L.Ed.2d 458 (1962). The burden is on the moving party. Mt. Pleasant, 838 F.2d at 273. After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). Instead, the nonmoving party bears the burden of setting forth specific facts showing that there is sufficient evidence in its favor to allow a jury to return a verdict for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).
In passing on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983). The court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir.1976). With these principles in mind, the Court turns to an examination of the facts.
It appears that the following facts are undisputed. Plaintiff operates "Betty's Deli and Package Liquor" at 10443 Breckenridge in St. Ann, Missouri.[1] The Deli is located *1375 among several small business establishments constituting a small strip mall. The main entrance to the Deli faces the south, with a parking lot in front of the store. The north, or rear, of the store faces another parking lot belonging to the St. Ann Market. A small alley separates the Deli from the St. Ann Market parking lot. The main entrance to the Deli, i.e. the only entrance utilized by customers, is on the south side of the Deli.
In 1986, the St. Ann Board of Alderman passed and the Mayor approved local Ordinance 1212. This ordinance regulates the number, size and location of commercial and non-commercial signs. Defendants' Exhibit N. The ordinance provides in pertinent part, that "[e]ach business may have no more than one (1) wall sign on one (1) exterior wall of the building in which the business is located." Section 17-10(a)(2). The ordinance further provides an exception that "[a] business located on a corner lot or a lot with double frontage may have one (1) wall sign on any two (2) exterior walls of the building in which the business is located." Section 17-10(b)(1). The ordinance went into effect on July 7, 1988 and contained a "grandfather clause" providing that all non-conforming signs had to be brought into compliance with the requirements of Ordinance 1212 by August 1, 1989.
In February 1988, Ordinance 1212 was amended by Ordinance 1320 which affected several sections of Ordinance 1212 but not Sections 17-10(2)(a)(2) and (b)(1). Ordinances 1212 and 1320, as well as the amendments, are applicable to all businesses within St. Ann.
Ordinance 1212 (as amended by Ordinance 1320) provides for the Building Commissioner to notify sign owners of non-compliance; however failure of the Building Commissioner to issue a notice of non-compliance does not relieve the sign owner of the duty to comply with the requirements of the ordinances. Section 17-5(d) as amended, Section 3.24.
On July 25, 1989 defendant Building Commissioner Anderson sent a notice of non-compliance to plaintiff informing him that he was in violation of Ordinance 1212 because Betty's Deli had more than one exterior wall sign and two roof signs. Defendants' Exhibit B. Plaintiff removed the offending signs.
Sometime between August 1989 and January 1990, plaintiff installed on the rear door of his store a temporary sign with removable letters. The sign advertised "Busch $5.49". Defendant Anderson notified the plaintiff in writing and verbally, on at least four occasions, that the sign was in violation of Ordinance 1212 and that it had to be removed and not replaced. Defendant Anderson personally met with plaintiff on September 25 and October 23, 1989 to discuss the non-complying sign and alternative sign options for plaintiff's business. Defendants' Exhibit O Affidavit of William Anderson.
Meanwhile, plaintiff requested, in writing and orally, a variance from the sign ordinance, or a determination that his business premises had double frontage entitling him to two (2) exterior wall signs. These requests were made both to the Board of Adjustment and to the Board of Alderman. These requests were denied.
On January 15, 1990 defendant Anderson issued and mailed to the plaintiff a municipal court summons, Complaint No. 855-B, notifying Mr. Bender that he was in violation of Municipal Ordinance 1212 for installing (and refusing to remove) a temporary second exterior wall sign (the "Busch $5.49" sign on the rear door). A court date was set for February 20, 1990 at which time plaintiff appeared. A hearing was conducted and plaintiff was found guilty of violating Ordinance 1212. Plaintiff appealed the conviction to the Circuit Court for St. Louis County. The charge was ultimately dismissed due to a technicality. Plaintiff subsequently filed the present action in federal court.
Defendants seek summary judgment avering that 1) the due process clause within the Fifth Amendment is applicable only to actions involving the federal government; 2) that plaintiff has been accorded all the procedural due process he is entitled to by virtue of the notices of non-compliance and the hearing before the Municipal Court; 3) that the ordinance is not unconstitutional because commercial speech may be restricted in order *1376 to advance or protect substantial governmental interest; 4) the ordinance has been enforced in a non-discriminatory manner, i.e. does not single out the "small business owner" for compliance check; 5) the aldermanic defendants are entitled to legislative immunity; and 6) all the defendants are entitled to qualified immunity. The plaintiff contends and addresses only the issues that 1) he has been denied due process because he was not given the opportunity to have a hearing on his request for a variance or a determination that his business premises have double frontage; and 2) not everyone who has been cited for non-compliance has been issued a summons (like he was) and there are other businesses (he contends "big businesses") which are in non-compliance but haven't heard from defendant Anderson.
The plaintiff does not challenge Ordinance 1212 as anything but a legislative act. Persons enacting municipal legislation are entitled to absolute immunity from damage liability for passage of municipal ordinances. Owens v. City of Independence, 445 U.S. 622, 637-38, 100 S.Ct. 1398, 1408-09, 63 L.Ed.2d 673 (1980); Lake Country Estates, Inc. v. Tahoe Regional Planning Agency, 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979); Gorman Towers, Inc. v. Bogoslavsky, 626 F.2d 607, 611-12 (8th Cir.1980). Defendants Rehagen, Asinger, Licare, Vietor, Deering, Ginder, Ankelman, and Feldewerth are entitled to legislative (i.e. absolute) immunity for performing their legislative function of enacting and approving Ordinance 1212.
As to plaintiff's Fifth Amendment due process claim, the defendants are entitled to summary judgment because such a claim is not cognizable in the present action since the federal government is not a party to this action. Warren v. Government Mortgage Ass'n., 611 F.2d 1229, 1232 (8th Cir.1980), cert. den., 449 U.S. 847, 101 S.Ct. 133, 66 L.Ed.2d 57 (1980).
Plaintiff's Fourteenth Amendment due process and equal protection claims must fail because plaintiff has failed to allege what protected interest he believes he has been unconstitutionally deprived of by the enactment of the ordinance. In order to establish a due process or equal protection claim, a plaintiff must first demonstrate that a property or liberty interest exists which has been taken away by the defendant's conduct. Roloff v. Sullivan, 772 F.Supp. 1083, 1095 (N.D.Ind.1991), aff'd., 975 F.2d 333 (7th Cir. 1992). Although the Fourteenth Amendment protects against deprivations of property without due process, it does not itself create a property interest. Richardson v. Town of Eastover, 922 F.2d 1152, 1156 (4th Cir.1991). The essence of a "property interest" is "an individual entitlement grounded in state law, which cannot be removed except `for cause.'" Logan v. Zimmerman, 455 U.S. 422, 428, 102 S.Ct. 1148, 1153, 71 L.Ed.2d 265 (1982). A "property interest" is determined by "existing rules or understandings that stem from an independent source such as state law." Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).
Plaintiff has totally failed to state what exactly is the property interest that he is entitled to and how this property interest is grounded in state law. Plaintiff's complaint and his summary judgment response make absolutely no statement as to the nature of his property interest. A reading of the complaint indicates that Mr. Bender believes that he is entitled to a second sign because it will bring in more customers. Commercial success, i.e. larger profits, is not a property interest because there is no entitlement to increased business profits under state or federal law. Furthermore, there is no entitlement to more than one commercial sign under state or federal law. Consequently, no property interest is implicated or deprived by the refusal to allow plaintiff to have more than one exterior wall sign because there is no entitlement to having more than one exterior wall sign.
As for the defendants' refusal to grant a variance or accept his business premises as having double frontage, this too fails to create a property interest. The defendants have submitted ample proof that variances are only granted with regard to zoning and that any amendment to Ordinance 1212 with regard to commercial signs has to be applicable to all businesses, not just to plaintiff's business. Once again, plaintiff fails to demonstrate what property interest is deprived *1377 by the defendants' refusal to single out plaintiff for special treatment.
Assuming arguendo, that plaintiff had established a protected interest, then the question becomes what process is due the plaintiff. Plaintiff contends that Ordinance 1212 is unconstitutional because it fails to provide for notice and a hearing before Board of Alderman to address matters of non-compliance. Specifically, plaintiff complains that he was not given the opportunity to address his grievance, before the Board of Alderman, regarding the denial of a variance from Ordinance 1212 or denial of a determination that his business premises has a double frontage entitling him to two (2) exterior wall signs.
Ordinance 1212 does not provide for variances, therefore a hearing before the Board of Alderman is not necessary. Plaintiff has provided no caselaw to support his contention that lack of a variance provision in and of itself renders a sign ordinance unconstitutional. Furthermore, plaintiff was notified several times about the non-complying rear door sign and was visited twice by defendant Anderson to discuss plaintiff's sign options. The ordinance allows for several different sign options. Just because the plaintiff insists on having two exterior wall signs, without consideration of the other options, does not automatically make Ordinance 1212 unconstitutional. Finally, plaintiff was issued a summons, after repeated warnings, and was given his day in court to present his argument. Mr. Bender had both notice of his violation of Ordinance 1212 and an opportunity to be heard in the Municipal Court.
Plaintiff also contends that his constitutional rights to equal protection were violated because Ordinance 1212 was enforced against him, but not against others. In order to prevail upon such a claim, plaintiff must show that 1) he has been singled out and compelled to comply with the law while others similarly situated have not been so compelled; and 2) that the local government's action, i.e. singling plaintiff out for discriminatory enforcement, was motivated by an impermissible purpose such as race, religion or the plaintiff's exercise of a recognized fundamental right. Tannenbaum v. City of Richmond Heights, 663 F.Supp. 995, 997 (E.D.Mo.1987), aff'd, 855 F.2d 857 (8th Cir.1988) (unpublished decision); Gold Cross Ambulance v. City of Kansas City, 538 F.Supp. 956, 973 (W.D.Mo.1982), aff'd on other grounds, 705 F.2d 1005 (8th Cir.1983), cert. den., 471 U.S. 1003, 105 S.Ct. 1864, 85 L.Ed.2d 158 (1985).
The evidence on the record shows that many of the businesses listed by the plaintiff as not being subjected to the enforcement of Ordinance 1212 have in fact been notified of non-compliance with Ordinance 1212. Many of these same businesses have since removed the offending signs or summons are presently being issued against them. The evidence further shows that St. Ann is a fairly large community with substantial commercial development. Defendant Anderson is the only municipal employee who has authority to issue the summons and pursue prosecution of businesses in violation of Ordinance 1212. He has a staff of two part-time and two-full time building inspectors. There is absolutely no evidence that enforcement of the sign ordinance is based upon a discriminatory animus; in fact, evidence clearly shows that enforcement of the sign ordinance is carried out as efficiently as possible given the manpower available. The record is devoid of any evidence, other than the plaintiff's subjective belief, that any type of discriminatory purpose motivated enforcement of Ordinance 1212 against him.
Plaintiff's primary complaint against the defendants focuses upon Northwest Plaza. Northwest Plaza is an extremely large, primarily enclosed, shopping mall. It contains approximately 128 stores of varying sizes. These stores are part of regional and/or national chains, individually owned specialty stores, and vendor carts. Some of the larger stores, i.e. department stores, have exterior walls facing out onto the parking areas or the main thoroughfares bordering the shopping center. However, a majority of the stores are enclosed with signs not visible to the general public from the outside. Defendants' Exhibit OAnderson affidavit.
Plaintiff believes that the defendants have singled out him, as well as other "small businesses" for enforcement of Ordinance 1212, while making exceptions for "big businesses" like Northwest Plaza. He cites Ordinance *1378 1320 as an example of "enacting new legislation to make an exception for Northwest Plaza" by "granting Northwest Plaza an amendment for additional and larger signs." Plaintiff's Brief in Response to Motion for Summary Judgment, pg. 2.
The Court has carefully reviewed Ordinance 1320 and finds no exception specific to Northwest Plaza. Ordinance 1320 makes changes across-the-board applicable to a variety of businesses. Although Northwest Plaza may have benefited from the changes, it is clear that other businesses, large and small, did likewise.
Not only is the Court unable to find a recognized discriminatory animus, such as race, sex, or age, but is unable to define plaintiff's proffered animus of "business size". Plaintiff, himself, states that he cannot articulate what constitutes "big business" from "small business". Assuming arguendo, the plaintiff operates a "small business", the record shows that Northwest Plaza encompasses both small businesses and large businesses. Plaintiff has provided no evidence that the small businesses in Northwest Plaza have been treated any differently than the large businesses at Northwest Plaza. What the record does show is that Northwest Plaza, as a large commercial development composed of many different sizes of businesses, is not situated similarly with plaintiff's business. Assuming arguendo, that Northwest Plaza has been treated differently, the difference is not due to any type of discriminatory motive.
Finally, plaintiff alleges that Ordinance 1212 violates his right to free speech under the First Amendment. The sign plaintiff wishes to display on the rear door reads "Busch $5.49". Plaintiff does not make a First Amendment claim regarding any other type of sign or sign containing substantially different language.
Our government may not absolutely restrict expression because of its message, its ideas, its subject matter, or its content. Gilleo v. City of Ladue, 774 F.Supp. 1559, 1561 (E.D.Mo.1991), aff'd, Gilleo v. City of Ladue, 986 F.2d 1180 (8th Cir.1993). However, speech may be regulated under narrow guidelines. Generally, commercial speech may be regulated to a much greater extent than non-commercial speech. Metromedia, Inc. v. San Diego, 453 U.S. 490, 505-06, 101 S.Ct. 2882, 2891, 69 L.Ed.2d 800 (1981). The First Amendment protects commercial speech only if the speech in question concerns lawful activity and is not misleading. The government may restrict otherwise protected commercial speech if 1) the restriction seeks to implement a substantial governmental interest; 2) the restriction directly advances that interest; and 3) the restriction reaches no further than necessary to accomplish the given goal. Central Hudson Gas and Electric Corp. v. Public Service Commission, 447 U.S. 557, 563-66, 100 S.Ct. 2343, 2350-51, 65 L.Ed.2d 341 (1980); see also, Metromedia, supra.
The plaintiff does not claim or argue that Ordinance 1212 is content-based and the Court's review of the ordinance finds it to be content-neutral. It seeks to restrict signs only as to number, size, and location. Defendant Rehagen attests that the sign ordinance was enacted in order to eliminate the visual clutter and distraction that the city was suffering. He termed it as "sign pollution". The primary purpose of the sign ordinance was to eliminate the clutter, eliminate distraction to general traffic, and to improve the overall aesthetic quality of the City of St. Ann. Defendants' Exhibit PAffidavit of Mayor Jack Rehagen. Plaintiff has set forth no facts or evidence to refute defendant Rehagen's assertion that the purpose of the sign ordinance was to address aesthetic and traffic safety concerns.
The goals of municipal aesthetics and traffic safety are considered to be substantial governmental interests and acceptable goals for a municipal ordinance to advance. Metromedia, 453 U.S. at 507-08, 101 S.Ct. at 2892-93. The sign ordinance is applicable to all business premises, regardless of their size. It provides for a variety of sign options regarding size, number, and location. The Court finds that Ordinance 1212 is a permissible restriction on commercial speech in the City of St. Ann.
Although the defendants have claimed qualified immunity under Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) and absence of § 1983 municipal *1379 liability under Monell v. New York City Dept. of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986); and City of St. Louis v. Praprotnik, 485 U.S. 112, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988), because the Court has determined that Ordinance 1212 is constitutional with regards to the First Amendment and Fourteenth Amendment equal protection and due process rights, and that plaintiff has not suffered any type of constitutional injury, there is no need to reach the immunity or municipal liability issues.
There exists no genuine issues of material fact and the Court finds that the defendants are entitled to judgment as a matter of law.
NOTES
[1] The complaint was originally filed by Michael and Betty Bender, husband and wife. On December 13, 1992 Betty Bender passed away. On February 16, 1992 the Court granted plaintiffs' counsel's request for voluntary dismissal of this cause of action as to decedent Betty Bender.