36 F.3d 57
 Michael E. BENDER, Individually and d/b/a Betty's Deli &
Package Liquor, Appellant,
v.
CITY OF ST. ANN; Jack Rehagen, Mayor of the City of St.
Ann; William S. Anderson, Building Commissioner; Thomas
Asinger, Alderman; Sam Licare, Alderman; Earl Vietor,
Alderman; June Deering, Alderman; Dan Ginder, Alderman;
Patrick Ankelman, Alderman; Jim Feldewerth, Alderman, Appellees.
 No. 93-2690.
 United States Court of Appeals,
Eighth Circuit.
 Submitted June 16, 1994.
Decided Oct. 3, 1994.
Rehearing Denied Nov. 16, 1994.
 
 Jeanene Moenckmeier, Solana Beach, CA, argued, for appellant.
 Joy Renee Urbom, St. Louis, MO, argued (Robert J. Krehbiel and Joy R. Urbom, on the brief), for appellees.
 Before MORRIS SHEPPARD ARNOLD, Circuit Judge, HENLEY and JOHN R. GIBSON, Senior Circuit Judges.
 HENLEY, Senior Circuit Judge.
 
 
 1
 Michael Bender, individually and doing business as Betty's Deli & Package Liquor (Betty's Deli), appeals from the district court's[1] order, granting summary judgment in favor of the City of St. Ann, its mayor and building commissioner, and members of the city's Board of Aldermen (Board), in this civil rights action. 816 F.Supp. 1372. Bender challenged the constitutionality of the city ordinance regulating commercial signs, and asserted that he was denied procedural due process. We affirm.
 
 
 2
 Betty's Deli is located in a small strip shopping center in St. Ann, Missouri. The front of the store faces south, with a parking lot in front of the store. To the north, at the rear of the store, is a parking lot for St. Ann's Market. A small alley separates Betty's Deli from the St. Ann's Market parking lot. Betty's Deli customers use only the front entrance on the south side of the building. In 1986, the St. Ann Board of Aldermen (Board) passed local Ordinance No. 1212, regulating the number, size, and location of commercial and non-commercial signs. The ordinance provides, in part, that "[e]ach business may have no more than one (1) wall sign on one (1) exterior wall of the building in which the business is located." St. Ann, Mo., Code of Ordinances Sec. 17-10(2)(a)(2). The ordinance also provides an exception that "[a] business located on a corner lot or a lot with double frontage may have one (1) wall sign on any two (2) exterior walls of the building in which the business is located." Id. Sec. 17-10(2)(b)(1).[2]
 
 
 3
 In September and October 1989, Bender requested the Board's approval to place additional signs on his business, and he sought a determination that his business premises had double frontage entitling him to two exterior wall signs. His requests were denied. Bender then placed a 3' x 5' readerboard sign, "Busch $5.49," on the rear of the building. On January 15, 1990, the building commissioner issued Bender a municipal court summons, citing a violation of Ordinance No. 1212. Bender was found guilty of the violation, and appealed to the Circuit Court of St. Louis County, which dismissed the charge on a technicality. Bender then filed this action.
 
 
 4
 In his complaint, Bender alleged that, despite his requests for a determination that Betty's Deli had double frontage, he was told that there was no way to appeal St. Ann's denial of his requests. He claimed a denial of procedural due process.[3] He sought compensatory damages, and injunctive and declaratory relief. Defendants moved for summary judgment, arguing (as to the due process claim) that Bender received notice of the charge by way of a summons issued to him for violating the ordinance, and that he had an opportunity to be heard before the St. Ann's municipal court.
 
 
 5
 The district court concluded that the mayor and the Board members were entitled to legislative (i.e., absolute) immunity for their actions in enacting the ordinance. As for the due process claim, the district court concluded that Bender failed to allege what property interest he had, and how this property interest was grounded in state law. The district concluded that, even had Bender established a protected interest, he received all the process he was due, in that he had both notice of his violation and an opportunity to be heard. The district court granted defendants summary judgment, and denied Bender's subsequent Rule 59(e) motion. On appeal, Bender argues that defending an ordinance violation is not a proper means for determining whether a business owner has a double frontage.
 
 
 6
 We conclude that a business owner with double frontage has a property interest in having two signs, under section 17-10(2)(b)(1). See Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972) (property interests are created by state law); Littlefield v. City of Afton, 785 F.2d 596, 600-02 (8th Cir.1986). Finding a property interest, however, does not end the inquiry. If Bender has double frontage, the next question is what process was Bender due before St. Ann could deny him the right to display a second sign. The Fourteenth Amendment requires " 'an opportunity ... granted at a meaningful time and in a meaningful manner,' 'for [a] hearing appropriate to the nature of the case.' " Logan v. Zimmerman Brush Co., 455 U.S. 422, 437, 102 S.Ct. 1148, 1159, 71 L.Ed.2d 265 (1982) (internal citations omitted).
 
 
 7
 Here, the ordinance requires the building commissioner to issue sign permits upon application, and to seek enforcement of the ordinance by way of notice to owners of their alleged nonconforming status. St. Ann, Mo., Code of Ordinances Secs. 17-5(d), 17-11. Bender received written and verbal notice of the alleged violation, and had an opportunity to assert his rights before a neutral decision-maker, before the ordinance was enforced against him. Thus, due process was satisfied.
 
 
 8
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri
 
 
 [2]
 Although the wisdom and fairness of this ordinance is not before us, the ordinance evidently prohibits a store-owner without double frontage from displaying any sign at the rear of the store directing customers to the front entrance, designating a rest room, or advertising a daily special. Indeed, it may prohibit a daily special placard near the front door if there is any other sign on the front of the building. Presently we leave it to the people of St. Ann to challenge the reasonableness of the restrictions
 
 
 [3]
 Bender also claimed that defendants denied him his rights under the Equal Protection Clause and the Fifth and First Amendments, and conspired to deny him these rights in violation of 42 U.S.C. Sec. 1985(3). Bender here and now does not question the denial of those claims