ASSOCIATION OF RESIDENTIAL RESOURCES IN MINNESOTA, INC.; Christian Concerns, Inc., Plaintiffs,

Hiawatha Homes, Inc., Plaintiff–Appellant,

Mtai Gladson; Portland Residence, Inc.; Rainbow Residences; Rem–Buffalo, Inc.; St. Camillus Place; St. Stephen Group Home; Woodvale Dodge Center; Earl English, by Violet Burke, his mother and guardian; Sharon Jones, by Richard Jones, her father and guardian; Mark Pearson, by Pat and G. William Pearson, his parents and next friends; Joseph Trepanier, by Charles E. and Helen Trepanier, his parents and guardians; Kelly Kvenlog; Katherine Maiden; Barbara Miller; Thomas Kreiner; Linda Woroel, Plaintiffs,

v.

Maria GOMEZ, individually, and in her capacity as commissioner of the Minnesota Department of Human Services, Defendant–Appellee.

ASSOCIATION OF RESIDENTIAL RESOURCES IN MINNESOTA, INC.; Christian Concerns, Inc.; Hiawatha Homes, Inc.; Mtai Gladson; Portland Residence, Inc.; Rainbow Residences; Rem–Buffalo, Inc.; St. Camillus Place; St. Stephen Group Home; Woodvale Dodge Center; Earl English, by Violet Burke, his mother and guardian, Plaintiffs,

Sharon Jones, by Richard Jones, her father and guardian; Mark Pearson, by Pat and G. William Pearson, his parents and next friends; Joseph Trepanier, by Charles E. and Helen Trepanier, his parents and guardians; Kelly Kvenlog; Katherine Maiden; Barbara Miller; Thomas Kreiner; Linda Woroel, Plaintiffs–Appellants,

v.

Maria GOMEZ, individually, and in her capacity as commissioner of the Minnesota Department of Human Services, Defendant–Appellee.

138

ASSOCIATION OF RESIDENTIAL RESOURCES IN MINNESOTA, INC., Plaintiff–Appellant,

Christian Concerns, Inc., Plaintiff,

Hiawatha Homes, Inc.; Mtai Gladson, Plaintiffs–Appellants,

Portland Residence, Inc., Plaintiff,

Rainbow Residences; Rem–Buffalo, Inc.; St. Camillus Place; St. Stephen Group Home; Woodvale Dodge Center, Plaintiffs–Appellants,

Earl English, by Violet Burke, his mother and guardian, Plaintiff,

Sharon Jones, by Richard Jones, her father and guardian; Mark Pearson, by Pat and G. William Pearson, his parents and next friends; Joseph Trepanier, by Charles E. and Helen Trepanier, his parents and guardians; Kelly Kvenlog, Plaintiffs–Appellants,

Katherine Maiden, Plaintiff,

Barbara Miller, Plaintiff–Appellant,

Thomas Kreiner, Plaintiff,

Linda Woroel, Plaintiff–Appellant,

v.

Maria GOMEZ, individually, and in her capacity as commissioner of the Minnesota Department of Human Services, Defendant–Appellee.

Nos. 94–1801, 94–1865 and 94–2432.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 17, 1995.

Decided March 30, 1995.

John L. Kirwin, St. Paul, MN, argued (Hubert H. Humphrey, III and John L. Kirwin, on the brief), for appellee.

Before BOWMAN, BEAM, and MURPHY, Circuit Judges.

BEAM, Circuit Judge.

A Minnesota rule classifies certain private and public facilities differently for purposes of Medicaid reimbursement. The district court [1] held that the rule did not violate the Equal Protection Clause. We affirm.

## I. BACKGROUND

Medicaid [2] is a joint federal-state program designed to provide health care for needy individuals. Medicaid recipients do not receive direct cash assistance. Instead, Medicaid pays health-care providers for covered services. In Minnesota, Medicaid is administered by the Minnesota Department of Human Services (the Department).

In 1971, Minnesota elected to include "intermediate care facilities for the mentally retarded" [3] in its Medicaid plan. In so doing, Minnesota made Medicaid funds available for both institutional and community-based services. These services were, and are, provided by both private and public facilities.[4]

In 1983, Minnesota began scaling back its support of these facilities.[5] Among other things, the Legislature directed the Department to established a new rate-setting system to reimburse private facilities. The new rate-setting system is called Rule 53. *See* Minn.R. 9553.0010 to 9553.0080.

Gregory R. Merz, Minneapolis, MN, argued (Thomas Darling and Gregory Merz, on the brief), for appellant.

1. The Honorable James M. Rosenbaum, United States District Judge for the District of Minnesota.

2. 42 U.S.C. §§ 1396 *et seq.*

3. For a technical explanation of this term, see 42 U.S.C. § 1396d(d).

4. In the present action, the private facilities are all community-based. In contrast, the state-operated public facilities for the developmentally disabled include both institutional and community settings.

5. A 1983 report by the Governor's Planning Council on Developmental Disabilities suggested

Under Rule 53, private facilities are reimbursed according to their historic costs. Briefly, the rate-setting system works as follows. The rate calculations are based on allowable costs [6] incurred during a calendar, or "reporting" year. The reporting year rate is then increased by an inflation factor. The increased rate is paid to the facility beginning on October 1 of the year following the reporting year. The net result of this system is that when costs increase, the private facilities are underfunded. Because the higher costs are incurred long before the increased rate is paid, there is a lag time during which the Medicaid reimbursements fall short.

Unlike private facilities, public facilities are not subject to Rule 53 and are reimbursed for their actual allowable costs. Thus, when costs increase at public facilities, there is no underfunding; the higher costs are paid as they are incurred, without any lag time.

Plaintiffs, all associated with private facilities,[7] filed an action against the Commissioner of the Department, alleging, among other things, a violation of the Equal Protection Clause. Plaintiffs argued, essentially, that private and public facilities must be reimbursed according to the same formula. The district court found that private and public facilities are not similarly situated, and that the difference in reimbursement systems is rationally related to a legitimate state purpose. The district court granted summary judgment for the Commissioner, and this appeal followed.

## II. DISCUSSION

■ We review the district court's grant of summary judgment de novo. *Landreth v.*

*First Nat'l Bank,* 45 F.3d 267, 268 (8th Cir. 1995). Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). This appeal involves no genuine issues of material fact. The only question before us is whether, as a matter of law, Rule 53 violates the Equal Protection Clause.

■ Rule 53 falls squarely within the area of economic and social welfare regulation. As such, we review Plaintiffs' equal protection claim under a rational basis standard. *See City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439–41, 105 S.Ct. 3249, 3254–55, 87 L.Ed.2d 313 (1985). Under this standard, Plaintiffs prevail if (1) persons who are similarly situated are treated differently by the government and (2) the government fails to provide a rational basis for the dissimilar treatment. *Moreland v. United States,* 968 F.2d 655, 660 (8th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 675, 121 L.Ed.2d 598 (1992).

■ Plaintiffs contend that the private and public facilities in Minnesota are similarly situated because they provide the same services to the same population. We disagree. The parties stipulated that while the private facilities can refuse to serve clients, the public facilities must accept persons who cannot be served elsewhere. Joint Appendix at 148. Because they must accept certain patients, the public facilities lack a significant cost-containment option available to the private facilities: the power to say "No." The private facilities can control their costs at the door by refusing certain patients, but the public facilities cannot. Because the private and public facilities are not similarly situated,

---

that Minnesota may have overemphasized development of intermediate care facilities for the mentally retarded and may have underutilized other less restrictive and less expensive community service options.

**6.** One such allowable cost—the one driving this litigation—is the wage paid to direct-care staff.

**7.** Plaintiffs are: the Association of Residential Resources in Minnesota, nine private facilities, five employees of private facilities, and four individual residents of private facilities.

Rule 53 does not violate the Equal Protection Clause.

Even if the private and public facilities were similarly situated, Rule 53 would still be constitutional under our equal protection analysis because the dissimilar treatment is rationally related to a legitimate state purpose. The parties do not dispute that the purpose of Rule 53 is to contain Medicaid costs. Preserving the fiscal integrity of welfare programs is a legitimate state interest. *Shapiro v. Thompson,* 394 U.S. 618, 633, 89 S.Ct. 1322, 1330–31, 22 L.Ed.2d 600 (1969). In furthering this interest, Rule 53 treats the private and public facilities differently. Any dissimilar treatment wrought by Rule 53 is not arbitrary; it reflects Minnesota's dissimilar financial relationship to the private facilities on the one hand and the public facilities on the other. The state can exert only limited financial control over the private facilities, while it holds all of the fiscal reins of the public facilities. In short, Minnesota has a rational basis—dissimilar financial control—for treating the private and public facilities differently.

## III. CONCLUSION

We conclude that the private facilities and public facilities are not similarly situated, and that even if they were, Rule 53 is rationally related to a legitimate governmental purpose. Therefore, Rule 53 does not violate the Equal Protection Clause. Accordingly, the judgment of the district court is affirmed.