No. 95-4229

Wade Backlund, on Behalf of          *
Himself and All Other Persons        *
Similarly Situated,                  *
                                     *
                                     *
        Appellant,                   *
                                     *   Appeal from the United States
        v.          *                District Court for the
                                     *   District of Minnesota.
Neal J. Hessen, Mary Peterson,       *
and Janet Nelson, in Their           *
Official Capacity as Commissioners*
of the Civil Service Board of        *
the City of Duluth, Minnesota;       *
Karl Nollenberger, in His            *
Official Capacity as Secretary       *
and Responsible Authority of the     *
Civil Service Board of the City      *
of Duluth, Minnesota; Duane          *
Flynn, in His Individual Capacity     *
and in His Official Capacity as      *
Chief of the Fire Department of      *
the City of Duluth, Minnesota;       *
Civil Service Board of the City      *
of Duluth, Minnesota, a Political    *
Subdivision of the City of Duluth    *
and State of Minnesota; and City     *
of Duluth, Minnesota, a Municipal    *
Corporation and Political            *
Subdivision of the State of          *
Minnesota,          *
                                     *
        Appellees.                   *


                         Submitted:  October 23, 1996

                             Filed:  January 14, 1997


Before RICHARD S. ARNOLD, Chief Judge, and FLOYD R. GIBSON and MORRIS
       SHEPPARD ARNOLD, Circuit Judges.

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Wade Backlund appeals the district court's dismissal of his claim of employment discrimination. We reverse and remand.

I.

Mr. Backlund applied for a job as a firefighter with the City of Duluth Fire Department ("Fire Department"). He earned the highest score on a written examination and was placed first on a ranked list of eligible candidates. This list determined which candidates could interview for openings, and Mr. Backlund's ranking guaranteed him an interview for any openings that occurred during the two years that followed his being placed on the list. Firefighter positions became available twice during this time, and Mr. Backlund, along with several other candidates, interviewed for the openings on each occasion. Mr. Backlund was never offered employment. After the second round of hiring, he learned that the Fire Department had hired four firefighters, three of whom were related to either present or former Fire Department employees. One was a son of an assistant fire chief, the second was a brother of a captain, and the third was both a son of a former fire chief and a brother of a training officer.

Mr. Backlund then sued, claiming that the Fire Department's hiring practices violated various rights guaranteed to him by federal and state law. In particular, Mr. Backlund alleged that the Fire Department discriminated against him in violation of the Equal Protection Clause because he is not related to any present or past Fire Department employees. The defendants moved for dismissal or summary judgment; because it reviewed materials outside the pleadings to resolve some of Mr. Backlund's claims, the district court treated that motion as one for summary judgment and granted summary judgment to the defendants. Since the district court did not, however, appear to review any such materials to resolve

-2-

Mr. Backlund's equal protection claim, which is the only claim before us, we treat its resolution as a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Because we believe that Mr. Backlund has stated a claim under Kotch v. Board of River Port Pilot Comm'rs, 330 U.S. 552 (1947), we reverse.

In Kotch, aspiring river pilots challenged a Louisiana statute that governed the appointment of river pilots.  The statute required new pilots to serve first as apprentices, and it gave control over the selection of apprentices to river pilots themselves.  These pilots selected primarily relatives and friends as apprentices, thus discriminating against applicants without family connections in the river piloting business.  Id. at 555.  In upholding the statute, the Supreme Court examined the relationship between this method of selecting pilots and the broad objectives of Louisiana's pilotage law.  Id. at 557.  It emphasized that river pilotage was "a unique institution and must be judged as such."  Id. Speaking of so-called "pilot towns," communities populated by relatives and friends of pilots, the Court observed that in "these communities young men have an opportunity to acquire special knowledge of the weather and water hazards of the locality and seem to grow up with ambitions to become pilots in the tradition of their fathers, relatives, and neighbors."  Id. at 559. The Court also alluded to "the benefits to morale and esprit de corps which family and neighborly tradition might contribute," id. at 563, as supporting a policy favoring relatives and friends as pilots.

In concluding that the practice challenged in Kotch was constitutional, the Court conceded the existence of "hypothetical questions concerning [some] similar system of selection which might conceivably be practiced in other professions or businesses regulated or operated by state governments."  Id. at 564.  It reiterated the narrowness of its decision by observing, in the last line of its opinion, that "considering the entirely unique

-3-

institution of pilotage in the light of its history in Louisiana," id., the plaintiffs had not made out a case for the violation of their constitutional right to the equal protection of the laws.

As we understand the district court's order in this case, it dismissed Mr. Backlund's discrimination claim because it read Kotch as holding that showing favoritism to relatives in hiring could never violate the Equal Protection Clause. This reading, in our view, considerably overstates the reach of Kotch. The Court in Kotch grounded its narrow holding on the unique character of river piloting. It did not hold that nepotism could never offend the Equal Protection Clause, it merely held that it did not do so in the circumstances that Kotch presented. The class of persons presumptively eligible for employment in Kotch, moreover, was a good deal broader than the class alleged to have been eligible here, because it included not merely relatives of the pilots but their friends as well. Because Kotch requires nepotism in hiring to have a rational basis, the district court erred when it dismissed Mr. Backlund's claim without conducting a rational basis review.

We believe that Kotch proceeds from the assumption that a general associational preference for relatives, and a desire to help them, while quite understandable and thus rational in some sense, is not a reason for hiring someone that can withstand an equal protection objection. If it were sufficient, or even of legal relevance, we are confident that the Court would have said so.

Rationality for equal protection purposes therefore evidently has a somewhat specialized meaning when governmental employment is at issue. It means more than that the employer must have a reason for its action. (It is, in fact, hard to think of an action that does not have a reason.) A government agent who refuses, for

instance, to hire left-handed applicants might offer as a reason the fact that he or she finds them sinister. However sincere as a subjective matter the agent's preference for right-handed company might be, we are confident that the Supreme Court would find his reason objectively unreasonable, and actions based on it unconstitutional, even if the agent's job performance were affected by the presence of left-handed workers. Whatever may be the outer boundaries of the idea of rationality in this context, we think that Kotch makes it abundantly clear that nepotism in governmental hiring requires some measure of justification before it can pass constitutional muster. Such justification must connect the challenged hiring criterion to the capacity of the applicant to perform the duties of the job applied for. That showing is absent from this record. Indeed, the record contains nothing about the culture of firefighting and of firefighters, or the unique requirements, if any, of the job.

## II.

Because we believe that Mr. Backlund has stated a claim under Kotch, the district court erred when it dismissed his claim. We therefore reverse and remand for further proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.