# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 97-1339

|  |  |  |
|---|---|---|
| | * | |
| Gerald Ellebracht; Thomas | * | |
| Majda, Sr.; Robert Maschmeier; | * | |
| Steven McAnally; Matthew | * | |
| Rodden; Robert Stewart, | * | |
| | * | |
| Plaintiffs-Appellants, | * | |
| | * | |
| v. | * | Appeal from the United |
| | * | States District Court |
| Police Board Of The | * | for the Eastern District |
| Metropolitan Police Department | * | of Missouri. |
| Of The City Of St. Louis; | * | |
| Freeman Bosley, Jr., | * | |
| Individually and as a Police | * | |
| Board Member; Anne-Marie | * | |
| Clarke, Individually and as a | * | |
| Police Board Member; Charles | * | |
| Mischeaux, Individually and as | * | |
| a Police Board Member; James | * | |
| Conway, Individually and as a | * | |
| Police Board Member; Robert | * | |
| Haar, Individually and as a | * | |
| Police Board Member; Matthew J. | * | |
| Padberg, Individually and as a | * | |
| Police Board Member, | * | |
| | * | |
| Defendants-Appellees. | * | |

Submitted: November 20, 1997

Filed: February 24, 1998

Before FAGG, Circuit Judge, HANSEN, Circuit Judge, and PIERSOL,[*] District
Judge.

_____

[*]The HONORABLE LAWRENCE L. PIERSOL, United States
District Judge for the District of South Dakota, sitting
by designation.

PIERSOL, District Judge.

In this action brought under 42 U.S.C. § 1983, six St. Louis, Missouri, police officers appeal the district court's[1] grant of summary judgment in favor of the Police Board of the Metropolitan Police Department of the City of St. Louis and the individual members of the Board--Freeman Bosley, Jr., Anne-Marie Clarke, Charles Mischeaux, James Conway, Robert Haar, and Matthew Padberg (hereinafter collectively called the "Police Board"). The district court rejected a claim that the Police Board violated appellants' equal protection rights by promoting to the position of sergeant in the 1993/94 promotion cycle, from the pool of candidates similarly situated to appellants in fitness and merit, only those candidates with familial and political connections. For the reasons stated below, we affirm.

We review a district court's grant of summary judgment de novo. Association of Residential Resources in Minnesota, Inc. v. Gomez, 51 F.3d 137, 140 (8th Cir. 1995). A district court should grant summary judgment only when there are no genuine issues of material fact for trial and the moving party is entitled to judgment as a matter of law. Id. Here, the parties agree that the only question before us is whether the district court correctly analyzed the appellants' equal protection claim under the applicable rational relationship standard. See Crain v. Board of Police Comm'rs, 920 F.2d 1402, 1408 (8th Cir. 1990).

The Police Board decides who will be promoted from the rank of police officer to sergeant. Under the Police Board's promotion policy and procedure, every other year a Promotion Eligibility List is prepared, with candidates ranked according to weighted scores

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri.

2

from certain written and oral tests.  Statistically similar scores are then placed together in "clusters," with the "A-Cluster" containing the highest-scoring candidates, the "B-Cluster" the next highest-scoring group, the "C-Cluster" the next highest-scoring group and so on.  All scores within a cluster are treated as equivalent for purposes of promotion.  The cluster assignment is valid for two years and may not be changed without exceptional circumstances that affect a candidate's capacity to perform the duties of a higher rank.  These six appellants were among thirty-seven officers in the "C-Cluster" for the 1993/94 promotion cycle.

All members of higher-ranking clusters must be promoted before members of the next cluster may become eligible for promotion.  The chief of police may recommend candidates to the Police Board for promotion, but he may not recommend a candidate from a lower cluster until all candidates in a higher cluster are promoted.  The promotion policy does not require the chief's recommendation before the Police Board can promote a particular candidate, but that candidate must be within a cluster eligible for promotion.

The Police Board members, upon appointment by the Missouri Governor, are required to affirm that no appointment or removal of any police officer will be made on "account of political opinions" or "for any other cause or reason than the fitness or unfitness of such persons, in the best judgment of such commissioners[.]"  Mo.Rev.Stat. § 84.040.  The Police Board adopted Rule 8.200 of the Police Manual, setting forth its policy that promotion of police officers "shall be made according to fitness and merit, as determined by the Board."  Police Manual Rule 7.004(l), known as "Rule L," provides that a police officer shall be subject to disciplinary action for "[s]oliciting or accepting the aid of any person or knowingly permitting any person to influence hiring, promotion or transfer on the member's behalf, except by established procedures relating to request for transfer."

3

St. Louis Chief of Police Clarence Harmon interpreted "Rule L" to prohibit police officers from contacting individual Police Board members for the purpose of furthering their own chances for promotion. Chief Harmon testified he would be duty-bound to pursue disciplinary action if he could "show concretely" that an officer had tried to influence a Police Board member on the officer's promotion. He did not take disciplinary action against any officer, however, because no officers were specifically named to him as having violated "Rule L". Chief Harmon told the Police Board on various occasions that he felt it was inappropriate for Police Board members to make contact with police officers about their pending promotions.

Police Board members disagreed with Chief Harmon's position, and informed him that, in their best judgment, receipt of information about promotion candidates or occasional contacts with promotion candidates were helpful in supplementing the information presented to the Board members about the candidates. Police Board members were aware of "Rule L," but did not think the rule applied to them. They felt it was their duty to maintain an open door policy and to listen to any police officer or interested party who wished to approach the Police Board on any matter.

Appellants brought suit to challenge six promotions made from "C-Cluster" in 1994. Effective February 15, 1994, the Police Board, on Chief Harmon's recommendation, promoted John Carnaghi, the son of a retired police officer who is now the Deputy Chief of Airport Security at Lambert International Airport, an appointed position filled by the Mayor of St. Louis. The Mayor sits as an ex officio member of the Police Board. At a meeting on March 16, 1994, Chief Harmon recommended the promotion of Andre Denham, Jimmie Mader, and Terrill Shoemaker. After discussion, the Police Board, on the motion of Anne-Marie Clarke, promoted Anna Griggs, Thomas Moran and Terrill Shoemaker. Moran is the son of a retired senior police officer. Griggs was known as the girlfriend of

4

Luther Boykins, an associate of State Senator J.B. "Jet" Banks, whose wife is Clarke's godmother. Clarke met with Anna Griggs and discussed Griggs with Senator Banks. Griggs admitted that she discussed her promotion with Clarke, but denied that she asked Clarke for assistance in getting promoted. On April 20, 1994, the Police Board, upon Chief Harmon's recommendation, promoted Mark Scheetz. Scheetz is also the son of a retired senior police officer. On June 15, 1994, the Police Board, again on the Chief's recommendation, promoted Andre Denham. On September 13, 1994, on the motion of Mischeaux, the Police Board promoted four officers to sergeant.

On September 19, 1994, the Police Board entered into a conciliation agreement with the Equal Employment Opportunity Commission. The Police Board agreed to promote to sergeant eight white men who were eligible for promotion in the 1991/92 cycle, but who were passed over through a process called "cluster-dipping," that is, the Police Board promoted African-American officers from a lower cluster when there remained white officers eligible for promotion in a higher cluster. While these eight promotions were retroactive to the 1991/92 promotion cycle, the vacancies did not occur until the 1993/94 cycle.

The Equal Protection Clause of the Fourteenth Amendment requires the government to treat similarly-situated people alike. City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985). Appellants and the six police officers promoted from "C-Cluster" between February 15 and June 15, 1994, were similarly situated because their test scores were statistically similar and all of the officers in the cluster were treated alike for purposes of promotion eligibility. To assert an equal protection claim resulting from the discriminatory application of "Rule L," the appellants must show that (1) they were singled out and compelled to comply with "Rule L" while others similarly situated were not so compelled, and (2) the government action in singling appellants out

5

for discriminatory enforcement was based upon an impermissible purpose or motive, such as race, religion or the exercise of a recognized fundamental right. See Bender v. City of St. Ann, 816 F.Supp. 1372, 1377 (E.D.Mo. 1993), aff'd, 36 F.3d 57 (8th Cir. 1994).

Appellants alleged below that race was a factor in the six challenged "C-Cluster" promotions, but they now argue on appeal only that the promotions were unconstitutional because they resulted from familial and political influence. Even if, for the sake of argument, familial and political influence may be considered impermissible motives, we agree with the district court that appellants produced no evidence they were required to abide by "Rule L" while the other six officers who were promoted from "C-Cluster" were not. The Police Board's open door policy applied to appellants, just as it did to the six police officers who were promoted, and "Rule L" did not prohibit the Police Board members from seeking or receiving additional information about candidates for promotion. Appellants produced no evidence that Chief Harmon enforced "Rule L" against any police officer.

We held in Backlund v. Hessen, 104 F.3d 1031, 1034 (8th Cir. 1997), that "nepotism in government hiring requires some measure of justification before it can pass constitutional muster." In so holding, we rejected the district court's expansive reading of Kotch v. Board of River Port Pilot Comm'rs, 330 U.S. 552 (1947), for the proposition that showing favoritism to relatives in hiring could never violate the Equal Protection Clause. We stated that the justification for nepotism in government hiring "must connect the challenged hiring criterion to the capacity of the applicant to perform the duties of the job applied for." Id. Because such a showing was absent from the record in Backlund, we remanded the case for factual development "about the culture of firefighting and of firefighters, or the unique requirements, if any, of the job." Id.

We agree with appellants that the reasoning of <u>Backlund</u> is equally applicable to the governmental promotion practices at issue here.  But we decline to remand this matter to the district court for further consideration in light of <u>Backlund</u>, as appellants would have us do.  In <u>Backlund</u>, we treated the district court's resolution of the case as a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  <u>Backlund</u>, 104 F.3d at 1033.  Because of the procedural posture of the case, remand for development of the record was proper in light of our rejection of the district court's broad rule that nepotism could never give rise to an equal protection claim.  We expressed no opinion whether the plaintiff in that case could ultimately establish an equal protection violation.  We remanded only to give the plaintiff an opportunity to show that there was no justification for nepotism in the hiring decisions made at the City of Duluth Fire Department.

Here, the case is adequately presented on a complete summary judgment record.  Having conducted the required de novo review, we conclude the district court appropriately analyzed appellants' equal protection claim under the applicable rational relationship test and that the district court's conclusion is consistent with our holding in <u>Backlund</u>.

Familial and political influence may have played some role in the promotion process, but such influence was only one factor among a myriad of factors considered by Police Board members.  Four of the six officers were promoted on Chief Harmon's recommendation.  Police Board members testified they felt it was important to meet with candidates for promotion to learn more about them.  That contacts with Police Board members on behalf of candidates may have been prompted by family members, friends, or the candidates themselves does not permit the automatic assumption that the contacts alone resulted in the decision to promote.  The information gleaned from such meetings or contacts supplemented the material already available to Police Board members as a result of

7

the competitive promotion process. Because all thirty-seven officers eligible for promotion in "C-Cluster" were considered equal, regardless of differences in competitive scores, Police Board members reasonably wanted some personalized information to help them distinguish which of the candidates would make the best sergeants and should be promoted first from the cluster. Such considerations are directly related to determination of the officers' fitness and merit as required by § 84.040, and are fully consistent with the requirement of Rule 8.200 that promotions "shall be made according to fitness and merit, as determined by the Board." We think the district court correctly ruled that the Police Board members' desire for additional information about the candidates was rationally related to the Police Board's legitimate interest in choosing the best candidates for promotion from "C-Cluster." Therefore, appellants' equal protection claim fails.

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

8