# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2414

_____

| | | |
|---|---|---|
| Lee Drew Walton, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Harold West, Mayor of the City of | * | |
| Monticello, Arkansas; Bob Maxwell, | * | |
| Chief of Police of the City of | * | |
| Monticello, Arkansas; Clarence Brooks, | * | |
| a member of the City Council of the | * | |
| City of Monticello, Arkansas; Vincent | * | |
| Byrd, a member of the City Council of | * | |
| the City of Monticello, Arkansas; | * | Appeal from the United States |
| Claudia Hartness, a member of the City | * | District Court for the Eastern |
| Council of the City of Monticello, | * | District of Arkansas. |
| Arkansas; Raymond Hubbard, a member | * | |
| of the City Council of the City of | * | [UNPUBLISHED] |
| Monticello, Arkansas; Ken Ouelette, a | * | |
| member of the City Council of the City | * | |
| of Monticello, Arkansas; Shay Gillespie, | * | |
| a member of the City Council of the City | * | |
| of Monticello, Arkansas; Gloria Wright, | * | |
| a member of the City Council of the City | * | |
| of Monticello, Arkansas; Ellis Gillam, a | * | |
| member of the City Council of the City | * | |
| of Monticello, Arkansas; Benson, Bird, | * | |
| a member of the City Council of the City | * | |
| of Monticello, Arkansas, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: July 21, 1999
Filed: July 30, 1999
_____

Before BOWMAN, FAGG, and HANSEN, Circuit Judges.
_____

PER CURIAM.

While on patrol in Monticello, Arkansas, police lieutenant Lee Drew Walton took aluminum scraps from a local business without the owner's permission and sold the scraps. Walton was charged with felony theft and suspended. The charges were dropped after Walton reimbursed the business owner. Although the city has a policy of reinstating employees cleared of criminal misconduct, the mayor fired Walton, stating, "[W]hat you [did doesn't] look good to the people." Walton filed this lawsuit against the mayor, police chief, and city council members (collectively, the defendants), alleging equal protection and due process violations under 42 U.S.C. § 1983 (Supp. III 1997). The district court granted summary judgment for the defendants, and Walton appeals. Having carefully reviewed the record, we affirm.

As the district court concluded, Walton's equal protection claim fails because Walton has presented no evidence showing he was treated differently than other similarly situated individuals. See Ellebracht v. Police Bd. of the Metro. Police Dep't of St. Louis, 137 F.3d 563, 565-66 (8th Cir. 1998). Walton's due process claim fails for two reasons. First, the undisputed facts show Walton was an at-will employee and thus had no protected property interest in his continued employment. See Johnson v. City of West Memphis, 113 F.3d 842, 843 (8th Cir. 1997). Second, Walton has not established he had a protected liberty interest that was violated by his firing. See Singleton v. Cecil, 176 F.3d 419, 424-29 (8th Cir. 1999) (en banc) (at-will police officer's termination did not deprive officer of occupational liberty interest); Johnson,

113 F.3d at 844 (councilwoman's expressed view of inappropriateness of employee's action did not violate employee's liberty interest); <u>Batra v. Board of Regents of the Univ. of Nebraska</u>, 79 F.3d 717, 720 (8th Cir. 1996) (employer's alleged failure to follow its procedural rules did not, without more, give rise to protected liberty interest).

We affirm the district court's grant of summary judgment to the defendants. <u>See</u> 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.